UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
GEORGE C. ALEXANDER, JR.,        )
                                 )
        Plaintiff                )
                                 )
v.                               )
                                 )   No. 3:11-0110
NEVADA STATE BANK,               )   Judge Trauger/Brown
                                 )
        Defendant                )
                                 )
and                              )
                                 )
INTEGRATED PAYMENT SYSTEMS, INC.,)
                                 )
        Defendant                )
```

**TO: THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

The Plaintiff in this matter has filed a complaint in *forma pauperis* against the Nevada State Bank (NSB) and Integrated Payment Systems (IPS) (Docket Entry 1).

The District Judge has allowed Plaintiff to proceed in *forma pauperis* and has referred the complaint to the undersigned for a frivolity review and necessary case management (Docket Entry 3). After reviewing the complaint the Magistrate Judge believes that this matter must be dismissed for lack of jurisdiction.

## BACKGROUND

The complaint alleges that on or before February 17, 2004, the Plaintiff requested that NSB close two business accounts that he had with NSB. The Plaintiff began serving a 117 month prison sentence on February 17, 2004, and was released December 22,

2010.[1] He alleges that his wife endorsed both checks in an attempt to deposit them into her checking account, but apparently the NSB would not honor this request. She then put the checks away and forgot about them.

The Plaintiff alleges that he then contacted NSB and was advised that the funds were likely turned over to the State of Nevada since the checks remained uncashed for more than three years. He also alleges that the company responsible for having the checks issued, IPS, has apparently gone out of business and he has been unable to communicate with them. He alleges that NSB has failed to show proof that the instruments were awarded to the State of Nevada or to show proof that NSB at least attempted to communicate to either he or his wife to advise them of the fact that the checks remained uncashed.[2]

The Plaintiff alleges that his basis for jurisdiction is: "This is a matter concerning interstate commerce under 28 U.S.C. § 1331, the Code reads 'The district court shall have original

---

[1] For the purpose of this report and recommendation the Magistrate Judge will assume that the Plaintiff intended to allege December 22, 2010. The Plaintiff alleges that upon his release and return to home he discovered two cashier checks. Although referred to in the complaint as cashier's checks, the actual checks are denoted as "official checks" which were uncashed.

[2] The Plaintiff's wife was of course clearly aware that the checks were uncashed since she had attempted to cash them and had been unsuccessful. Why his wife did not transmit the checks to Plaintiff for appropriate endorsement is not stated in the complaint.

jurisdiction of all civil actions arising under the Constitution, laws, and treaties of the United States'."

The complaint alleges damages in the amount of $26,491.52.

**LEGAL DISCUSSION**

The Magistrate Judge has read the Plaintiff's *pro se* complaint in the light most favorable to Plaintiff. Nevertheless, even reading the complaint in this light, the Plaintiff fails to allege appropriate federal jurisdiction. The transactions complained of do involve interstate commerce. However, the mere fact that a case involves interstate commerce does not mean that it arises under the Constitution. In *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) "The Supreme Court states that the presence or absence of federal-questioned jurisdiction is governed by the 'well-placed complaint rule' which provides that federal jurisdiction only exists when a federal question is presented on the face of the plaintiff's properly-pleaded complaint. *See Gulley v. First National Bank*, 299 U.S. 109, 112-113." *Caterpillar* at 391.

The mere fact that the case may affect interstate commerce does not create federal jurisdiction under 28 U.S.C. § 1331. The Magistrate Judge has been unable to find any case which would allow jurisdiction based solely on an allegation that the claim affects interstate commerce. In fact, such a holding would

effectively give federal jurisdiction in almost every conceivable case given the depth and breadth of the interstate commerce clause.

The Magistrate Judge has also considered the possibility of jurisdiction under 28 U.S.C. § 1332. There is diversity of citizenship between the Plaintiff and the Defendants. However, in addition to diversity of citizenship, the amount of the matter in controversy must exceed $75,000, exclusive of interest and costs. In this case, the complaint alleges claims totaling $26,491.52.

It may well be that the Plaintiff has a state court action against the Defendants, or it may be that the Nevada statutes provide that he may file a claim to recover escheated funds under Nevada's escheatment laws. However, the short answer to this complaint is that the federal court lacks jurisdiction to hear the matter.

**RECOMMENDATION**

For the reasons state above, the Magistrate Judge recommends that this complaint be **DISMISSED** for lack of federal jurisdiction.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 14 days, from receipt of this Report and Recommendation, in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have 14 days, from receipt of any objections filed in this Report, in which to file any responses to said objections. Failure to file specific objections within 14 days of receipt of

this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 14th day of February 2011.

<u>/s/ Joe B. Brown</u>
JOE B. BROWN
United States Magistrate Judge